# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2022

Lyle W. Cayce
Clerk

No. 21-60264
Summary Calendar

MARIA ESTELA IGLESIAS-BONILLA; JONATAN STEVAN BONILLA-HERNANDEZ,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 982 500
BIA No. A208 982 501

---

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Maria Estela Iglesias-Bonilla, a native and citizen of El Salvador, on behalf of herself and her son, Jonatan Stevan Bonilla-Hernandez, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of their

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

consolidated appeal from the immigrations judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The petitioners contend that the BIA erred (i) in finding that they failed to show past persecution or a fear of future persecution on account of a protected ground; (ii) by failing to fully analyze the issue of withholding of removal; and (iii) in concluding that they were not entitled to protection under the CAT.

We review the BIA's decision and only consider the immigration judge's decision to the extent that it influenced the BIA's decision. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, a petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

According to Iglesias-Bonilla, the evidence established that gang members persecuted her due to the protected grounds of religion and membership in three particular social groups, namely family members of her husband, family members of her son, and "Salvadoran Christians." The evidence does not compel a conclusion contrary to the BIA's determination that the gang members were motivated solely by criminality and that there was no nexus to a protected ground. The BIA's decision is supported by substantial evidence and is consistent with our precedent that conduct driven by personal, criminal, or economic motives does not constitute persecution on account of a protected ground. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Shaikh*, 588 F.3d at 864; *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

No. 21-60264

Additionally, given its determination that the alleged persecution did not relate to a protected ground at all, the BIA did not err in reaching its decision on withholding of removal without further analysis of whether a protected ground was "a central reason," or merely "a reason," for the alleged persecution. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

Finally, Iglesias-Bonilla's contention that it is more likely than not that she would be tortured with the consent or acquiescence of a Salvadoran official if she were to return to El Salvador is purely speculative. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Further, her argument that Salvadoran officials are unable to protect citizens from gang members does not entitle her to relief under the CAT. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). We conclude that substantial evidence supports the BIA's determination that the petitioners are not entitled to protection under the CAT.

The petition for review is DENIED.